UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA A. BROWN, | ) |
| Plaintiff, | ) Case No. 17-CV-4395 |
| v. | ) |
| TUTHILL CORPORATION | ) Judge Sharon Johnson Coleman |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Tuthill Corporation ("Tuthill"), by and through its attorneys, Franczek Radelet P.C., submit the following Answer to Plaintiff Barbara A. Brown's ("Brown") First Amended Complaint and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action for under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA"), for Defendant discriminating against Plaintiff on the basis of her disability and failing to provide her with reasonable ADA accommodations, and retaliating against her for complaints about the same.

**ANSWER:** Defendant admits only that Plaintiff purports to assert claims under the Americans with Disabilities Act ("ADA"). Defendant denies that it discriminated against Plaintiff in any way, denies that it failed to provide Plaintiff a reasonable accommodation, and denies that it retaliated against Plaintiff because of any protected activity. Defendant specifically denies violating the ADA or any other law and denies the remaining allegations of Paragraph 1.

2. Jurisdiction of this action is conferred upon the Court by 42 U.S.C. 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9, 29 U.S.C. § 2617(a), and 28 U.S.C. §§ 1331, 1343.

**ANSWER:** Defendant admits that Plaintiff is asserting claims under the ADA and admits that this Court has jurisdiction over such claims as set forth in Paragraph 2. Defendant denies that it has violated the ADA or any other law and denies the remaining allegations of Paragraph 2.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**ANSWER:** Defendant admits that venue is proper in the Northern District of Illinois because Plaintiff alleges that Defendant engaged in the acts referred to in the Complaint within the District. Defendant denies that it has violated the ADA or any other law and denies the remaining allegations of Paragraph 3.

## PARTIES

4. Plaintiff is an adult individual with a disability and is a resident of Hickory Hills, Cook County, Illinois.

**ANSWER:** On information and belief, Defendant admits the allegations of Paragraph 4.

5. Defendant is a foreign corporation doing business in the State of Illinois and other surrounding states, is engaged in and employs its employees in commerce and in the production of goods and services for commerce between points in many states, and has continuously had and now has more than five hundred (500) employees.

**ANSWER:** Defendant admits it is incorporated in the State of Delaware and conducts business in the State of Illinois. Defendant denies the remaining allegations of Paragraph 5.

6. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(5).

**ANSWER:** Defendant admits the allegations of Paragraph 6.

7. At all times relevant to the allegations herein, Plaintiff was an employee as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(4).

**ANSWER:** Defendant admits the allegations of Paragraph 7.

8. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission (Charge 440-2016-04491 attached as "Exhibit A" filed on June 22, 2016; Charge 440-2017-05110 attached as "Exhibit C" filed on August 14, 2017). Plaintiff was sent a notices of her right to sue as to Charge No. 440-2016-04491 (attached hereto as "Exhibit B") and is currently awaiting a notice of right to sue as to Charge No. 440-2017-05110. This complaint has been timely filed with the Northern District of Illinois.

**ANSWER:** Defendant admits that Plaintiff has filed two Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant lacks sufficient knowledge to answer the remaining allegations of Paragraph 8 and therefore denies the same.

## FACTUAL ALLEGATIONS

9. Plaintiff began her employment with Defendant in or around April of 2012, with her current position being Machine Operator.

**ANSWER:** Defendant admits that Plaintiff began her employment in or around April 2012 as a Manufacturing Cell Operator. Defendant denies the remaining allegations of Paragraph 9.

10. Plaintiff is a disabled individual in that she has been diagnosed with chronic back pain and has suffered work related injuries causing a physical impairment that substantially limits one or more of her major daily life activities, including but not limited to lifting.

**ANSWER:** On information and belief, Defendant admits that Plaintiff has complained of back pain. The remainder of Paragraph 10 contains legal conclusions to which no answer is necessary. Defendant denies the remaining allegations of Paragraph 10.

11. Plaintiff is a qualified individual with a disability in that she can perform the essential functions of her job with an accommodation.

**ANSWER:** Defendant denies the allegations of Paragraph 11.

12. At all times relevant to the allegations herein, Defendant was aware of Plaintiff's disabilities.

**ANSWER:** Defendant admits that at some point during her employment, Plaintiff informed Defendant's representatives and agents that she had back pain. Defendant denies the remaining allegations of Paragraph 12.

13. At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of her employer.

**ANSWER:** Defendant denies the allegations of Paragraph 13.

14. Plaintiff injured her back in or around April of 2015 while at work.

**ANSWER:** Defendant lacks sufficient knowledges as to how and when Plaintiff allegedly injured her back, and therefore denies the allegations of Paragraph 14.

15. After going to the doctor and receiving treatment, Plaintiff took 3 weeks off and then returned to work with restrictions in May of 2015, including no lifting over 10 pounds and no bending.

**ANSWER:** Defendant admits that Plaintiff took leave from work at various times in 2015. Defendant lacks sufficient knowledge as to the reasons for these absences, and therefore denies the allegations of Paragraph 15.

16. Defendant was made aware of Plaintiff's restrictions but they were never provided to her in that she regularly had to lift over 10 pounds, bend and twist. Such failure to accommodate Plaintiff's disability caused her increased pain and slowed her progress to recovery.

**ANSWER:** Defendant denies the allegations of Paragraph 16.

17. Plaintiff alleges that she could have been accommodated and performed the essential functions of her position if the parts she needed to do her job were placed on a cart higher up so she did not have to bend.

**ANSWER:** Defendant admits that it has adjusted Plaintiff's job assignment and responsibilities so that she would not be required to bend, twist, or lift more than 10 pounds. Defendant denies the remaining allegations of Paragraph 17.

18. Such request for accommodation was reasonable because a similar accommodation was provided to one of Plaintiff's coworkers, Victor (last name unknown), working in the same position.

**ANSWER:** Defendant denies the allegations of Paragraph 18.

19. In or around September/October 2015 Plaintiff spoke with HR about the fact that her supervisor was not accommodating her and again requested an accommodation.

**ANSWER:** Defendant denies the allegations of Paragraph 19.

20. Plaintiff's supervisor told anyone who helped Plaintiff to go back to their station and not to help her.

**ANSWER:** Defendant denies the allegations of Paragraph 20.

21. An accommodation similar to the one Plaintiff needed was provided to Victor (last name unknown) and Ava (last name unknown), both working in the same position as Plaintiff.

**ANSWER:** Defendant lacks sufficient knowledge, based on the first names provided, to answer the allegations in Paragraph 20, and therefore denies the same.

22. After Plaintiff complained, she was put on second shift allegedly for "shift balance" purposes, despite the fact that Plaintiff's seniority was high enough that she was entitled to hold first shift.

**ANSWER:** Defendant admits that Plaintiff has worked second shift for Defendant pursuant to the provisions of the collective bargaining agreement governing her employment. Defendant denies the remaining obligations of Paragraph 22.

23. Plaintiff was still not accommodated on second shift.

**ANSWER:** Defendant denies the allegations of Paragraph 23.

24. Plaintiff was placed back on the first shift in or around November of 2015 because the union found that the shift change was improper due to her seniority.

**ANSWER:** Defendant denies the allegations of Paragraph 23.

25. Between October of 2015, through June of 2016, Plaintiff complained to her supervisor and HR regularly that she was not being accommodated.

**ANSWER:** Defendant admits that its representatives, including its Human Resources Director, Jonathan Starmach, had conversations with Plaintiff regarding her back pain and her ability to perform the functions of her job and that Defendant continually modified the duties of

5

Plaintiff's position to help her perform her essential job duties. Defendant denies the remaining allegations of Paragraph 25.

26. Plaintiff was written up for attendance in October of 2015 for an absence that was excused.

**ANSWER:** Defendant denies the allegations of Paragraph 26.

27. In January of 2016, Plaintiff had to leave work because her back locked up. Plaintiff received treatment from January 13 through January 29, 2016. Plaintiff returned to work on January 29, 2016.

**ANSWER:** Defendant admits that Plaintiff took leave from work in January 2016. Defendant lacks sufficient knowledge as to whether Plaintiff's back "locked up" on January 13. Defendant denies the remaining allegations of Paragraph 27.

28. On March 28, 2016, Plaintiff could not go to work due to back pain. Her doctor provided her restrictions including no pushing, no pulling, no lifting more than 10 pounds.

**ANSWER:** Defendant admits that as part of an extended leave of absence that began on February 28, 2016, Plaintiff was absent from work on March 28, 2016. Defendant denies the remaining allegations of Paragraph 28.

29. On April 4, 2016, Plaintiff's supervisor told Plaintiff that he did not know that she needed accommodations, which was extremely confusing to her because she had personally requested accommodations to him numerous times.

**ANSWER:** Defendant denies the allegations of Paragraph 29.

30. During the time that Plaintiff was working first shift (7:30 a.m. - 4:00 p.m.), Plaintiff needed to go to physical therapy 3 days a week at 3:00 p.m. Plaintiff used FMLA to leave from work at 2:00 to attend her appointments during this time.

**ANSWER:** Defendant admits that Plaintiff's physician recommended that she attend physical therapy appointments and that Defendant worked with Plaintiff to accommodate those appointments. Defendant denies the remaining allegations of Paragraph 30.

2361239.2

31. Plaintiff's supervisor personally told her that she could come in at 5:30 a.m. so that she could continue to get a full 8 hour day in when she left at 2:00 p.m. for her physical therapy appointments.

**ANSWER:** Defendant admits that employees, including Plaintiff, have been allowed at times to work prior to their shift so that they would be paid for a full 8-hour workday. Defendant denies the remaining allegations of Paragraph 31.

32. On April 28, of 2016, Plaintiff was inexplicably suspended for 3 days for coming in early, which her supervisor had told her was fine, but then denied approving. Plaintiff is not aware of any non-disabled individuals who had been disciplined like this.

**ANSWER:** Defendant admits that she was suspended for violations of Company policy. Defendant denies the remaining allegations of Paragraph 32.

33. Plaintiff filed a grievance when she returned from the suspension.

**ANSWER:** Defendant admits the allegations of Paragraph 33.

34. In early May of 2016, Plaintiff was told that she had to go home because they could not accommodate her.

**ANSWER:** Defendant denies the allegations of Paragraph 34.

35. Plaintiff filed a charge with the EEOC on or around June 22, 2016, alleging that Defendant failed to accommodate her and suspended her in retaliation for requesting accommodations.

**ANSWER:** Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC. Defendant denies that it discriminated against Plaintiff and denies that it violated the ADA or any other laws. Defendant denies the remaining allegations of Paragraph 35.

36. Plaintiff returned to work in or around September of 2016 with restrictions but was placed on the second shift without cause or justification. Again Plaintiff had enough seniority to hold the first shift.

**ANSWER:** Defendant admits that after another extended period of leave and multiple discussions regarding her return to work, Plaintiff returned to work on the second shift on or about October 10, 2016. Defendant denies the remaining allegations of Paragraph 36.

37. Plaintiff's restrictions/accommodations were not granted by Defendant.

**ANSWER:** Defendant denies the allegations of Paragraph 37.

38. Plaintiff was injured at work again in or around October of 2016.

**ANSWER:** Defendant admits that on or about November 2, 2016, Plaintiff left her shift early after reportedly slipping and hurting her back. Defendant denies the remaining allegations of Paragraph 38.

39. Plaintiff returned to work in or around May of 2017 again on the second shift. Again Plaintiff had enough seniority to hold the first shift.

**ANSWER:** Defendant admits that Plaintiff returned to work on the second shift in May 2017. Defendant denies the remaining allegations of Paragraph 39.

40. When Plaintiff returned, she asked HR why she was still being placed on second shift when she had originally been told it was going to be temporary. HR responded that her placement on second shift was now permanent.

**ANSWER:** Defendant admits that Plaintiff was informed she would be working on second shift pursuant to the collective bargaining agreement. Defendant denies the remaining allegations of Paragraph 39

41. Plaintiff requested a reasonable accommodation to be placed on first shift so that she could go to physical therapy at the end of the shift and take needed narcotic medication afterwards to alleviate pain, which she could not take while operating machinery if she remained on the second shift.

**ANSWER:** Defendant admits that Plaintiff requested and that Defendant granted Plaintiff's temporary transfer to first shift to allow her to attend physical therapy appointments. Defendant denies the remaining allegations of Paragraph 41.

42. Plaintiff's request was not immediately granted.

**ANSWER:** Defendant denies the allegations of Paragraph 42.

43. After approximately two months Defendant eventually granted Plaintiff's accommodation request, but unreasonably required her to turn in excessive documentation proving her appointments with the physical therapists.

**ANSWER:** Defendant admits that it granted Plaintiff's request for a reasonable accommodation, and denies the remaining allegations of Paragraph 43.

44. Plaintiff's supervisor also intimidated her by making false accusations about her performance and frequently admonishing her.

**ANSWER:** Defendant denies the allegations of Paragraph 44.

## COUNT I
## (ADA DISCRIMINATION)

45. Plaintiff re-alleges paragraphs 1 through 44 and incorporates them as if fully set forth herein.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 44 here by reference.

46. Title I of the Americans With Disabilities Act makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

**ANSWER:** Defendant admits the allegations of Paragraph 46.

47. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her disability when it failed to accommodate her, disciplined her, forced her on a leave of absence, and forced her to work second shift.

**ANSWER:** Defendant denies the allegations of Paragraph 47.

48. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination and retaliatory conduct.

**ANSWER:** Defendant denies the allegations of Paragraph 48.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:
    a. Injunctive relief;
    b. Lost wages and other economic damages;
    c. Compensatory damages for pain and suffering;
    d. Punitive damages (if available);
    e. Attorneys' fees and costs incurred in this action;
    f. Such other relief as is just and equitable;

      g. The plaintiff requests a jury trial of this action.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the requested relief.

## COUNT II
## (ADA - FAILURE TO ACCOMMODATE)

49. Plaintiff realleges allegations 1-44 above with the same force and effect as if more fully set forth herein.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 44 here by reference.

50. Plaintiff is a qualified individual with a disability in that she could perform the essential functions of his job with/without an accommodation.

**ANSWER:** Defendant denies the allegations of Paragraph 50.

51. The ADA requires employers to make reasonable disability accommodations to qualified individuals with a disability that do not create an undue hardship for the employer.

**ANSWER:** Defendant admits the allegations of Paragraph 51.

52. Plaintiff requested accommodations as outlined above.

**ANSWER:** Defendant admits that Plaintiff requested changes to her work assignments and schedule, but denies her requests were "reasonable accommodations" under the ADA, and denies the remaining allegations of Paragraph 52.

53. Defendant denied Plaintiff's request for accommodations without cause or justification and failed to engage her in an interactive process to determine what, if any, alternative accommodation could be provided to her.

**ANSWER:** Defendant denies the allegations of Paragraph 53.

54. As a result of Defendant's actions, Plaintiff has suffered aggravation of her medical condition and had to endure considerable pain, suffering, anxiety, and emotional distress, as well as other economic damages.

**ANSWER:** Defendant denies the allegations of Paragraph 54.

55. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights.

**ANSWER:** Defendant denies the allegations of Paragraph 55.

**PRAYER FOR RELIEF AS TO COUNT II**

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:
  a. Injunctive relief;
  b. Lost wages and/or other economic damages;
  c. Compensatory damages for pain and suffering;
  d. Punitive damages (if available);
  e. Attorneys' fees and costs incurred in this action;
  f. Such other relief as is just and equitable;
  g. The plaintiff requests a jury trial of this action.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the requested relief.

**COUNT III**
**(ADA - RETALIATION)**

56. Plaintiff realleges allegations 1-44 above with the same force and effect as if more fully set forth herein.

**ANSWER:** Defendant incorporates its answers to Paragraph 1 through 44 here by reference.

57. Plaintiff is a qualified individual with a disability in that she could perform the essential functions of his job with/without an accommodation.

**ANSWER:** Defendant denies the allegations of Paragraph 57.

58. The ADA protects individuals from retaliation for asserting their rights under the ADA or complaining of disability discrimination.

**ANSWER:** Defendant admits the allegations of Paragraph 58.

59. Plaintiff engaged in protected activity when she requested the disability accommodations outlined above, filed charges of disability discrimination with the EEOC, and filed this lawsuit.

**ANSWER:** Defendant denies the allegations of Paragraph 59.

60. By its conduct as alleged herein, Defendant retaliated against Plaintiff for having requested ADA accommodations when it when it failed to accommodate her, intimidated her, and forced her to work second shift.

**ANSWER:** Defendant denies the allegations of Paragraph 60.

## PRAYER FOR RELIEF AS TO COUNT III

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:
        a. Injunctive relief;
        b. Lost wages and/or other economic damages;
        c. Compensatory damages for pain and suffering;
        d. Punitive damages (if available);
        e. Attorneys' fees and costs incurred in this action;
        f. Such other relief as is just and equitable;
        g. The plaintiff requests a jury trial of this action.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Tuthill has a variety of effectively-communicated procedures for employees such as Brown to raise concerns regarding disability accommodations and discrimination based on an employee's disability. These procedures include Equal Employment Opportunity and Harassment policies and contacting Human Resources. Employees are encouraged to raise complaints through these procedures if they believe they have been the victim of unlawful harassment. Tuthill prohibits retaliation against those employees who raise complaints of discrimination, or those employees who request reasonable accommodations for a disability. Brown was aware of these policies.

2. Although Tuthill denies that any actionable conduct occurred, Brown's claims are barred and/or any recovery of damages is precluded because Brown failed to take advantage of preventive and/or corrective opportunities provided or to otherwise avoid any alleged harm, and Tuthill exercised reasonable care to prevent any alleged discrimination and took timely and appropriate action to address any complaints reported.

2361239.2

**Second Affirmative Defense**

1. Defendant denies that it violated the ADA, or any other federal or state law, and specifically denies that any alleged violations were willful.

2. Tuthill states that any acts or omissions alleged by Brown that give rise to this action were reasonable and not undertaken with reckless disregard to whether such acts or omissions violated federal or state law.

3. Tuthill at all times acted in good faith and had reasonable grounds for believing that its alleged actions and omissions were in compliance with the federal and state law. Accordingly, no punitive damages or penalties should be awarded because the alleged actions or omissions were undertaken in good faith, without malice or intent to injure Brown, and do not constitute a willful violation.

**Third Affirmative Defense**

1. Brown refused to participate in bilateral cooperation and communication with Tuthill regarding her disability status and her work restrictions.

2. Brown refused to provide medical documentation regarding her alleged disability in a timely manner to allow Tuthill to assess her requested accommodations.

3. Tuthill made concrete and documented efforts to continue a dialogue with Brown to discuss reasonable accommodations, which Brown abandoned.

4. Brown failed to engage in the interactive process in good faith as required by the ADA.

**Fourth Affirmative Defense**

Brown's claim is barred to the extent that she alleges that Tuthill failed to provide her with a reasonable accommodation under the ADA because the accommodations she proposed

and/or requested would have posed an undue hardship on the operation of Tuthill's business and would have been unreasonable as a matter of law.

### Fifth Affirmative Defense

Brown is barred from recovery for alleged acts or incidents occurring prior to the applicable statute of limitations period.

### Sixth Affirmative Defense

Brown cannot recover damages for "loss of pay and benefits" as contemplated in her prayer for relief because she remains a current Tuthill employee, has experienced no damages, and even if she had experienced damages, she has failed to take reasonable steps to mitigate those damages.

### Seventh Affirmative Defense

Brown's claims are time barred to the extent she failed to file her Complaint within 90 days after receiving her right-to-sue letter from the EEOC.

Respectfully submitted,

**TUTHILL CORPORATION**

By: /s/ Patrick M. DePoy
      One of Its Attorneys

Jeff Nowak
jn@franczek.com
Patrick DePoy
pmd@franczek.com
FRANCZEK RADELET P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 986-0300

Dated: November 1, 2017

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to the following counsel of record this 1st day of November, 2017:

>Michael T. Smith
>10 Martingale Road, Suite 400
>Schaumburg, IL 60173

/s/ Patrick M. DePoy

2361239.2